IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORMAN SANDLIN, | ) | |
| | ) | 4:05CV3135 |
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | PRISONER PAYMENT  ORDER |
| | ) | |
| B. HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prison inmate, has filed a civil complaint and a request to proceed in forma pauperis ("IFP").  The court previously granted the plaintiff's motion to proceed IFP in filing no. 8 and ordered the plaintiff to pay an initial partial filing fee of $9.11 by August 8, 2005.  In filing no. 9, the plaintiff states that he does not have the funds available to pay the initial partial filing fee at this time.  After further review of the record, I find that the prisoner payment order in filing no. 8 should be amended, and the plaintiff is permitted to proceed in forma pauperis without payment of the initial partial filing fee.

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis.[1]  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

A plaintiff usually must pay an initial partial filing fee in the amount of twenty (20) percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding submission of the complaint.  However, the plaintiff 's trust account statement reflects a near zero balance.

Under these circumstances, the PLRA does not require dismissal of the plaintiff's case.  Instead, 28 U.S.C. § 1915(b)(4) states:

---

[1]THE "THREE STRIKES" RULE:  If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal will count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Accordingly, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended.  See generally Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001).   Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)," Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  Payments of the initial partial filing fee shall be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account. 28 U.S.C. § 1915(b)(1).  After payment in full of the initial partial filing fee as funds exist, the remaining installments shall be collected in the usual manner, i.e.:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

It is now time for service of process on the defendants.  Fed. R. Civ. P. 4 requires service of the complaint upon each defendant within 120 days of filing the complaint.  Rule 4 provides that if service of the summons and complaint is not made within 120 days after filing of the complaint, the court shall dismiss the action or direct that service be effected within a specified time.

THEREFORE, IT IS ORDERED:

1.     That filing no. 8 is amended by this order;

2.     That filing no. 9, is granted insofar as stated in this order;

2.     That when funds exist in the plaintiff's prison trust account, the plaintiff's institution shall collect them and remit them to the court subject to the limitations set forth in this order;

3.     That the Clerk of Court shall serve a copy of this order on the appropriate officer at the plaintiff's institution;

2.     The Clerk of Court shall provide the plaintiff with a summons form for each named defendant, together with Form 285 and a copy of this order.

3.     The plaintiff shall, as soon as possible, provide the Clerk with the completed

2

summons forms and completed Form 285. **In the absence of these forms, service of process cannot occur.**

4.      Upon receipt of the completed summons forms and Form 285, the Clerk shall sign the summons forms and forward them, together with a copy of the complaint, to the U.S. Marshal for service on the defendants.

5.      The Marshal shall serve the summons and complaint on the defendants, without payment of costs or fees.  Service may be effected by mail pursuant to Fed. R. Civ. P. 4(e)(1) and Neb. Rev. Stat. § 25-505.01(c).

6.      The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days from the filing of the complaint, as provided by Fed. R. Civ. P. 4, may result in dismissal of this matter without further notice, as against that defendant.  (The U.S. Marshal's Service typically requires at least two weeks to complete service after receiving the service of process documents.)

7.      The Clerk is hereby directed to create a case management deadline and to bring this matter to the attention of the court if service has not been obtained upon any defendant by expiration of the 120 days.

8.      After an appearance has been filed by a defendant, the plaintiff shall serve upon that defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Litigants in this district usually serve copies of motions and other documents on adverse parties by first class mail, postage prepaid.  The plaintiff shall include with each original document submitted to the court a **"Certificate of Service"** stating the date a true and correct copy of such document was mailed to each defendant or the attorney of a represented defendant.  It is a violation of the rules of court to send communications to the court without serving a copy on the other parties to the case.

9.      After receipt of the summons, each defendant shall file responsive pleadings or motions within the time allowed by Rule 12 of the Federal Rules of Civil Procedure.

10.     The plaintiff shall keep the court informed of the plaintiff's current address at all times while this case is pending.

11.     The plaintiff is advised that he is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case.  The federal rules are available at any law library, and the local rules are available at the office of the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

12.     This order is entered without prejudice to the court later entering an order taxing costs in this case.  No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

DATED this 11th day of August, 2005.

BY THE COURT:


s/F.A. GOSSETT
United States Magistrate Judge