IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORMAN SANDLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3135 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| B. HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 19, the defendants' Motion to Dismiss the complaint filed by the plaintiff, Norman Sandlin, previously a detainee or prisoner in the Buffalo County Detention Center. The plaintiff brought this federal civil rights action pursuant to 42 U.S.C. § 1983, protesting his placement in a "restraint chair" for a twelve-hour period on April 27, 2005. The plaintiff filed this action as a prisoner, but the records of the Nebraska Department of Correctional Services ("DCS") indicate that he has since been discharged from custody.

### Exhaustion of Administrative Remedies

Among other grounds, the defendants move for dismissal of the complaint on the basis of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") which requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance process, including any appeals which are part of the grievance process, before filing this lawsuit, the plaintiff's

claims are subject to dismissal without prejudice.  See Porter v. Nussle, 534 U.S. 516, 524

(2002) ("Once within the discretion of the district court, exhaustion in cases covered by §

1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion

is mandatory).  See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. §
> 1997e(a) to require that inmates who have civil rights claims must first
> exhaust all administrative remedies before bringing an action under § 1983.
> See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001).  This is true even
> though relief of the sort that the plaintiff is seeking is not available through
> the administrative procedures that are available.  Id. at 737-41....

Completion of the grievance process is necessary even after a plaintiff has suffered

harm and even when the grievance is too late to prevent harm.  Thomas v. Woolum, 337

F.3d 720, 733-35 (6th Cir. 2003).  Thus, exhaustion of administrative remedies is required

even when a prisoner believes, perhaps even with reason, that filing grievances will lead

to no relief.[1]

The plaintiff states that grievance procedures were unavailable to him because he

transferred to the DCS Diagnostic and Evaluation Center ("D & E") at some point after the

incident which is the subject of this litigation.  However, the defendants make the valid

point that even while at the D & E, the plaintiff remained in Buffalo County custody, and he

could have requested grievance forms and initiated the grievance process.

Dismissal is required when an inmate has not exhausted administrative remedies

as to all claims *before* filing a lawsuit.  Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

---

[1]Also, because the plaintiff filed this action while he was a prisoner, the PLRA bars
the plaintiff from recovery of damages for any kind of mental anguish or emotional distress
arising from prison conditions unless the plaintiff also suffered a physical injury.  See 42
U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a
prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury
suffered while in custody without a prior showing of physical injury."

"Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.  If exhaustion was not completed at the time of filing, dismissal is mandatory."   <u>Id</u>.

However. a dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. <u>Castano v. Nebraska Dept. of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir.), <u>cert. denied</u>, 531 U.S. 913 (2000).  Thus, a former prisoner, once released from custody, may file the same case as a nonprisoner (within the statute of limitations), but without the exhaustion requirement and the restriction on damages for emotional distress.  The PLRA does not apply to a plaintiff who is a nonprisoner when a complaint is filed, even if the complaint deals with matters which occurred during imprisonment.  In addition, nonprisoners who receive in forma pauperis ("IFP") status are relieved of any obligation for the court's filing fee, unlike prisoner plaintiffs proceeding IFP, who must pay the fee in installments.

THEREFORE, IT IS ORDERED:

1.      That Filing No. 19, the defendants' Motion to Dismiss, is granted;

2.      That the plaintiff's complaint and this action are dismissed without prejudice;

and

3.      That a separate judgment will be entered accordingly.

Dated this 24th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge